# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA M, AIELLO,<br><br>　　Plaintiff,<br><br>　v.<br><br>RENT RECOVERY SOLUTIONS, LLC,<br>MANCO ABBOTT, INC.,<br><br>　　Defendants. | CASE NO.  1:23-CV-01542-NODJ-EPG<br>**SCHEDULING CONFERENCE ORDER**<br><br>Initial Disclosures:　2/8/2024<br><br>Nonexpert Discovery Cutoff:　11/1/2024<br><br>Expert Disclosure:　6/28/2024<br><br>Rebuttal Expert Disclosure:　8/16/2024<br><br>Expert Discovery Cutoff:　9/19/2024<br><br>Dispositive Motion Filing Deadline:　1/17/2025<br><br>Settlement Conf.:　Date: Not Set<br><br>Mid-Discovery Conf: Date: 10/21/2024<br>　　　　　　　　　　Time: 10:30 a.m.<br>　　　　　　　　　　Dept: 10<br><br>Pretrial Conf.:　Date: 6/23/2025<br>　　　　　　　Time: 1:30 p.m.<br>　　　　　　　Dept: 5<br><br>Jury/Bench Trial:　Date: 8/26/2025<br>　　　　　　　　Time: 8:30 a.m.<br>　　　　　　　　Dept: 5 |

1

This Court conducted a scheduling conference on February 1, 2024. Counsel Alexander Taylor appeared telephonically on behalf of Plaintiff. Counsel Calvin Davis appeared telephonically on behalf of Defendant Rent Recovery Solutions, LLC. Counsel Michael Titus appeared telephonically on behalf of Defendant Manco Abbott, Inc. Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

### I. Amendment To The Parties' Pleadings

The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule. Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992). Moreover, any request for amendment under Fed. R. Civ. P. 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### II. Fed. R. Civ. P. 26(a)(1)

Initial disclosures are due by **February 8, 2024**.

### III. Discovery Cutoffs And Limits

All non-expert discovery shall be completed no later than **November 1, 2024**. Initial expert witness disclosures shall be served no later than **June 28, 2024**. Rebuttal expert witness disclosures shall be served no later than **August 16, 2024**. Such disclosures must **be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B) and (C), and shall include all information required thereunder**. In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) specifically apply to discovery relating to expert witnesses and their opinions. Each expert witness must be fully prepared to be examined on all subjects and opinions included in the disclosures. Failure to comply with these requirements will result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

All expert discovery shall be completed no later than **September 19, 2024**. The parties are advised that motions to compel must be filed in advance of the discovery deadlines so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as

untimely.

A Mid-Discovery Status Conference is set for **October 21, 2024, at 10:30 a.m.** in Courtroom 10, before Magistrate Judge Erica P. Grosjean. At least seven (7) days before the conference, the parties are directed to file a joint report, of up to five (5) pages, outlining the status of the case, any additional discovery still planned, potential for settlement, and any other issues pending that would benefit from the Court's assistance/direction. The parties are permitted to appear telephonically and may do so by dialing 1-888-251-2909 and entering access code 1024453. Alternatively, parties and counsel may appear in person. If one or more parties wish to appear in person, they shall email Michelle Rooney, Courtroom Deputy Clerk, at mrooney@caed.uscourts.gov **at least 24 hours before the conference** so that a notation can be placed on the Court's calendar.

**IV.     Pretrial Motion Schedule**

*A.     General Information Regarding Filing Motions*

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[1] *all* moving and opposition briefs or legal memoranda, including joint statements of discovery disputes, filed in civil cases before Magistrate Judge Grosjean, shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limits do not include exhibits. Courtesy copies for any filing in excess of twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the filing is electronically filed. The party submitting the courtesy copy shall ensure that the docket identification number is listed on the copy. When scheduling motions (other than discovery motions) the parties shall comply with Local Rule 230.

Counsel or *pro se* parties may appear and argue motions by telephone, provided a request to so do is made to Michelle Rooney, Magistrate Judge Grosjean's Courtroom Deputy (unless prior permission has been given by the judge), no later than five (5) court days before the noticed hearing date. Requests can be made by emailing Ms. Rooney at mrooney@caed.uscourts.gov. If the parties are appearing telephonically, each party shall dial 1-888- 251-2909 and enter access code 1024453.

---

[1] Parties may seek leave through a telephonic conference among all parties and the Court, or by short motion.

### *1. Informal Discovery Conference*

In order to file a motion involving a discovery dispute, *see* Fed. R. Civ. P. 26 through 37 and 45,[2] a party must receive permission from the Court following an informal telephonic discovery dispute conference. However, non-parties challenging a subpoena under Fed. R. Civ. P. 45 are not required to request an informal conference before filing a motion. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.

Prior to the conference, the parties shall simultaneously file an <u>Informal Discovery Dispute Letter Brief</u>, outlining their positions regarding the dispute. Such briefs shall be no longer than three pages single-spaced, and may include up to five pages of exhibits. The Court will provide the date and time the Letter Briefs are due at the time the conference is scheduled.

At the time of conference, the parties shall dial 1-888-251-2909 and enter access code 1024453. The Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

### **2. Filing a Discovery Motion**

If a discovery motion, *see* Fed. R. Civ. P. 26 through 37 and 45, is brought after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[3] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement not to exceed twenty-five (25) pages must be filed at least fourteen (14) days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

---

[2] The Court construes "discovery dispute" broadly, which includes, but is not limited to, disputes regarding written discovery, oral depositions, physical and mental examinations, and protective orders.

[3] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

### B. Dispositive Motions

All Dispositive Pre-Trial Motions shall be served and filed no later than **January 17, 2025,** and will be heard before the assigned District Judge. In scheduling such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

***Motions for Summary Judgment or Summary Adjudication***: Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the Court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a Joint Statement of Undisputed Facts.

The moving party shall initiate the meeting and provide a draft of the Joint Statement of Undisputed Facts. **In addition to the requirements of Local Rule 260, the moving party shall file a <u>Joint Statement of Undisputed Facts</u>.**

In the Notice of Motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

In the Notice of Motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

**<u>Failure to comply may result in the motion being stricken.</u>**

## V. <u>Settlement Conference</u>

Although one has not been set at this time, the parties may file a joint written request for a settlement conference if they believe that such a conference would be fruitful.

## VI. <u>Pretrial Conference</u>

The pretrial conference is set for **June 23, 2025, at 1:30 p.m.** in **Courtroom 5** before the assigned District Judge. The parties are directed to file a **<u>Joint Pretrial Statement that complies with the requirements of this Court's Local Rule 281(a)(2)</u>**.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**VII. Trial Date**

The trial is set for **August 26, 2025, at 8:30 a.m.** in **Courtroom 5** before the assigned District Judge.

    A.    This is a **JURY/BENCH** trial **(to be determined).**

    B.    Counsels' Estimate of Trial Time **(to be determined)**.

    C.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**VIII. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not requested.

**IX. Related Matters Pending**

There is no related litigation.

**X. Compliance with Federal Procedures**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

**XI. Effect Of This Order**

This order represents the Court and the parties' best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

///

***The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.*** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order may result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated: __**February 7, 2024**__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE